(No. 2631—

Roy Titus, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed February 12, 1936.*

Paul MacGuffin, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant seeks to recover damages to a car owned by him on account of being struck by a State-owned truck. The claim was filed March 15, 1935 for Three Hundred Dollars ($300.00) and recites that claimant's wife with claimant's consent and authority was driving his automobile westward on Church Street in Libertyville on February 5, 1935; that one Felix Sedar was driving a large dump truck northward on Brainard Avenue; that the streets were covered with ice and that due to the reckless, negligent and careless manner in which the driver of the truck was handling same the latter skidded when the driver turned eastward on Church Street and the rear part of the truck collided with claimant's car to the damage of claimant in the sum of Three Hundred Dollars ($300.00).

Respondent has filed a motion to dismiss the claim under the rule that the State is not liable for the negligence of its agents and employees, unless there is a statute making it so liable; that in this State there is no such statute, and therefore there being no basis of liability on the part of the State for damages sustained that the court is without authority to make an award. In support of said contention the Attorney General cites *Derby* vs. *State* 7 C. C. R. 145 and *Chumbler* vs. *State,* 6 C. C. R. 138.

A report by R. T. Cash, District Engineer, appearing in the files absolves the driver of the truck from negligence but states that the collision was entirely due to the skidding of the truck and the very icy surface of the pavement. The sworn statement of claim shows the lowest estimate of property damage to be Two Hundred Twelve Dollars ($212.00) and it is unfortunate for claimant to suffer such loss when he was entirely guiltless of any contributory part in such accident. It is also unfortunate that the District Engineer was not familiar with the absence of authority of this court to grant an award in a matter of this kind and that he advised Mr. Titus to file his claim in this court.

As stated in *Wetherholt* vs. *State,* 8 C. C. R. 100 and in *Trompeter* vs. *State,* 8 C. C. R. 141, "That the State is not liable for the negligence of its servants and its agents while in the exercise of its governmental functions," and "Before a claimant can have an award against the State he must show that he comes within the provisions of some law making the State liable to him for the amount claimed. If he cannot point to any law giving him the right to an award he cannot invoke the principle of equity to secure the award."

It does not appear in the record whether claimant has been reimbursed through insurance for any part of his loss but regardless of that, and being limited to a consideration of the rights involved from the standpoint of the legal liability of the State the court is of the opinion that the motion to dismiss should be allowed. The motion is allowed and the claim dismissed.